

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

*In re* TIMOTHY ECKERT,

              Plaintiff.

_____

1:25-CV-1270-JLS-MJR

REPORT, RECOMMENDATION and ORDER

      *Pro se* Plaintiff Timothy Eckert initiated this case styled as an "independent action" pursuant to Rule 60(d)(3) of the Federal Rules of Civil Procedure. (Dkt. No. 1). He alleges "fraud on the court" with respect to proceedings in a prior case, *Timothy A. Eckert v. United Automobile Workers et al.*, Case No. 1:04-CV-538 (W.D.N.Y. 2004) (*Eckert I*), and names no defendants. (*See* Dkt. No. 1). Plaintiff seeks various forms of equitable relief, including "a declaration that the judgment entered against Plaintiff in the prior federal action was procured by fraud upon the court," vacatur of that allegedly fraudulent judgment, and restoration of his "right to litigate his claims on a truthful evidentiary record free from fraud, suppression of evidence, and coordinated misrepresentations." (*Id.* at 27). The case has been referred to the undersigned pursuant to Section 636(b)(1) of Title 28 of the United States Code, by the Honorable John L. Sinatra, Jr., for all pre-trial matters and to hear and report on dispositive motions. (Dkt. No. 3).

      Before the Court are the following motions filed by Plaintiff: (1) a motion to compel the Clerk of Court to docket and file his Rule 60(d)(3) independent action (Dkt. No. 2); (2) a motion for threshold determination and expedited consideration (Dkt. No. 9); and (3) a motion for leave to file an amended complaint (Dkt. No. 12). For the following reasons,

Plaintiff's [12] motion for leave to amend is granted, and his [2] motion to compel the Clerk of Court to docket and file this action, as well as his [9] motion for threshold determination and expedited relief, are denied as moot. Lastly, the Court recommends that this independent action be dismissed for the reasons explained below.

## BACKGROUND

Plaintiff initiated this proceeding on November 24, 2025, when he submitted a pleading titled "Independent Action for Fraud on the Court (Fed. R. Civ. P. 60(d)(3))". (Dkt. No. 1). The same day, Plaintiff filed his motion to compel the Clerk of Court to docket and file his independent action, arguing that: (1) he "submitted a proper civil filing"; (2) a "Rule 60(d)(3) Independent Action Must be Filed Upon Presentation"; and (3) he "has a right to file a Rule 60(d)(3) action." (Dkt. No. 2).

Between November 26, 2025 and December 11, 2025, Plaintiff submitted various filings, including:

- a "verification under 28 U.S.C. § 1746" attaching a copy of what appears to be a similar version of his initial pleading (Dkt. No. 4);

- a "notice regarding docketed Rule 60(d)(3) filing" stating that the pleading submitted at Dkt. No. 4 is a "corrected" version intended to be the operative pleading (Dkt. No. 5);

- a "supplemental statement of facts in support of (Fed. R. Civ. P. 60(d)(3))" (Dkt. No. 6);

- a "supplemental statement of coordinated fraud and concealment by Ford and UAW" (Dkt. No. 7); and

- a "supplement to independent action for fraud on the Court (Fed. R. Civ. P. 60(d)(3)" (Dkt. No. 8).

On December 18, 2025, Plaintiff filed his motion requesting a "threshold determination" and "expedited consideration" of his claims, (Dkt. No. 9), stating that, given the submissions described above, the "evidentiary record now before the Court is closed, record-based and sufficient to permit threshold review without discovery." (*Id.* at 2 ¶ 4). Plaintiff seeks "expedited consideration" of his claims on the grounds that "[c]ontinued reliance on a judgment potentially infected by fraud on the court risks . . . compounding judicial error." (*Id.* at 3 ¶ 8). And he believes that a "threshold determination—affirmative or negative—may materially assist other courts in determining whether continued reliance on the challenged judgment is appropriate." (*Id.* at 4 ¶ 13). Plaintiff then submitted a "notice of ripeness and request for status or procedural guidance regarding [his] motion for threshold determination," and a "Rule 60(d)(3) notice of supplemental authority and request for immediate threshold adjudication of record integrity," on January 12, 2026 and January 20, 2026, respectively. (Dkt. Nos. 10, 11).

On March 12, 2026, Plaintiff moved for leave to file an amended complaint. (Dkt. No. 12). He seeks leave to amend "to clarify the factual allegations concerning the internal record systems maintained by Ford Motor Company and the sequence of litigation submissions presented during the prior proceedings." (*Id.* at 1 ¶ 2). He explains that the "proposed amended complaint does not introduce a new cause of action"—but rather "clarifies the factual allegations supporting [Plaintiff's] existing claim that the prior judgment was procured through fraud on the court." (*Id.* at 2 ¶ 4). He filed his proposed amended complaint the same day, March 12, 2026. (Dkt. No. 13). Then, on March 23,

2026, Plaintiff submitted a "Notice of Filing Revised Exhibit 1 (Revised Proposed Amended Complaint)" requesting "that the Court consider the revised Proposed Amended Complaint as the operative Exhibit 1 in connection with the pending Motion." (Dkt. No. 14). He specifies that the "revised Proposed Amended Complaint" is "intended to replace in its entirety the previously filed Exhibit 1." (*Id.* at 1). Plaintiff also submitted a "memorandum of law in support of independent action for relief from judgment pursuant to Fed. R. Civ. P. 60(d)(3),"—which attaches a copy of the aforementioned "revised proposed amended complaint." (Dkt. No. 15).

## DISCUSSION

### *Motion to Amend*[1]

Plaintiff has inundated the Court with numerous versions of a purported complaint alleging fraud on the court as well as other submissions conveying supposed factual narratives and other purported evidence. As best the Court can tell, Plaintiff requests that his submission titled "Exhibit 1 Revised Proposed Amended Complaint" (Dkt. No. 15-1) be considered the operative pleading in this matter.

It is well-settled that, when "a party requests leave to amend his complaint, permission generally should be freely granted." *Grullon v. City of New Haven*, 720 F.3d

---

[1] To this Court's knowledge, the Second Circuit has not explicitly decided whether a motion to amend is dispositive or non-dispositive. *See Covet & Mane, LLC v. Invisible Bead Extensions, LLC*, No. 21-CV-7740 (JPC) (RWL), 2023 WL 2919554, at *1 n.1 (S.D.N.Y. Mar. 23, 2023) ("There is some debate in this Circuit whether a motion to amend is considered dispositive or non-dispositive for purposes of whether a Magistrate Judge's ruling should issue as a Report and Recommendation, subject to *de novo* review, or as a Decision and Order, subject to review for clear error") (citing cases). Some courts within the Second Circuit have treated denial of a motion to amend as dispositive matter requiring a recommendation from a magistrate judge, and grant of a motion to amend as a non-dispositive matter that a magistrate judge may order. *See Zink v. First Niagara Bank*, No. 13-CV-1-76-A, 2015 WL 423221, at *1 n.2 (W.D.N.Y. Feb. 2, 2015) ("District courts in this circuit have suggested that a magistrate judge's denial of a motion to amend ... should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive") (internal citation and quotation marks omitted). Because Plaintiff's motion to amend should be granted, this Court treats it as a non-dispositive matter that it may order.

4

133, 139 (2d Cir. 2013). *See* Fed. R. Civ. P. 15(a)(2). *See also Grullon*, 720 F.3d at 139 (a "*pro se* complaint 'should not [be] dismiss[ed] without [the Court's] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'") (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).

Although Plaintiff has already made numerous attempts at pleading his supposed claim, the Court will—out of an abundance of caution and affording the "special solicitude" to which *pro se* litigants are ordinarily entitled, *Tracy v. Freshwater,* 623 F.3d 90, 101 (2d Cir. 2010)—grant Plaintiff's motion for leave to amend (Dkt. No. 12). Accordingly, the Court will deem the "revised proposed amended complaint" (Dkt. No. 15-1) the operative pleading in this matter.

### ***Fraud on the Court***

Plaintiff brings this action pursuant to Fed. R. Civ. P. 60(d) alleging fraud on the court relating to *Eckert I*. Plaintiff explains that this action "is not adversarial in posture" and that there are "no defendants, no service requirements, and no contemplated responsive pleadings." (Dkt. No. 9 at 2 ¶ 2). While the Court is skeptical that this case is properly before it in these circumstances, it need not resolve that issue because it is abundantly clear that Plaintiff is not entitled to the relief he seeks.

The Second Circuit instructs the Court to "exercise[] discretion in determining whether to entertain independent actions for relief and look[] to traditional equitable principles to guide its decision." *Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 661 (2d Cir. 1997). Moreover, an "appellate court should not disturb the equitable determination of the trial judge unless it can conclude that the trial judge abused

his discretion." *Id.* (quoting *Winfield Assocs., Inc. v. Stonecipher*, 429 F.2d 1087, 1090 (10th Cir. 1970)).

This Court has painstakingly sifted through the various documents Plaintiff submitted in this current attempt establish fraud on the court relating to the litigation of *Eckert I.* And Plaintiff has confirmed that, given his various submissions, the "evidentiary record now before the Court is closed, record-based and sufficient to permit threshold review without discovery." (Dkt. No. 9 at 2 ¶ 4). Accordingly, the Court deems it appropriate to resolve Plaintiff's claims without further submissions or proceedings. Viewing this record in the light most favorable to Plaintiff and drawing all inferences in his favor, there is no basis to conclude that fraud on the court occurred. Accordingly, it is recommended that this case be dismissed.

Rules 60(d)(1) and (3) of the Federal Rules of Civil Procedure "allow a court, respectively, to 'entertain an independent action to relieve a party from a judgment, order, or proceeding' and 'set aside a judgment for fraud on the court.'" *LinkCo, Inc. v. Akikusa*, 615 F. Supp. 2d 130, 134 (S.D.N.Y. 2009), aff'd sub nom. *LinkCo, Inc. v. Naoyuki Akikusa*, 367 F. App'x 180 (2d Cir. 2010) (quoting Fed. R. Civ. P. 60(d)(1), (3)). A "party seeking to vacate a judgment in an independent action must show that permitting the judgment to stand would be a grave miscarriage of justice." *Id.* at 135 (internal citation and quotation marks omitted). *See also United States v. Beggerly*, 524 U.S. 38, 46 (1998) (independent actions are available "only to prevent a grave miscarriage of justice").

Generally, "claimants seeking equitable relief through independent actions must meet three requirements." *Campaniello Imports, Ltd.*, 117 F.3d at 662. Specifically, claimants "must (1) show that they have no other available or adequate remedy; (2)

demonstrate that movants' own fault, neglect, or carelessness did not create the situation for which they seek equitable relief; and (3) establish a recognized ground—such as fraud, accident, or mistake—for the equitable relief." *Id.*

Fraud upon the court "must be established by clear and convincing evidence." *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002). And the "type of fraud necessary to sustain an independent action attacking the finality of a judgment is narrower in scope than that which is sufficient for relief by timely motion" under Rule 60(b)(3) for fraud on an adverse party. *Gleason v. Jandrucko*, 860 F.2d 556, 558 (2d Cir. 1988). More specifically, fraud upon the court is "limited to fraud which seriously affects the integrity of the normal process of adjudication . . . [and] should embrace only that species of fraud which does[,] or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases*." King*, 287 F.3d at 95 (internal citation and quotation marks omitted).

Here, Plaintiff's theory of fraud on the court is based on his belief that the defendants in *Eckert I* presented a "false factual framework" to the court such that the "evidentiary record" was "corrupted" in a manner that "prevented the Court from performing its impartial adjudicative function." (*See* Dkt. No. 15 at 1-2). This claim fails for several reasons.

First, Plaintiff fails to demonstrate that no other adequate remedy is available. *See Campaniello Imports, Ltd.*, 117 F.3d at 662. Plaintiff already attempted to obtain relief on these grounds in *Eckert I*. On June 10, 2024—years after the case had concluded—Plaintiff filed a *pro se* motion captioned "Motion [for] Fraud Upon the Court and Motion for

Summary Judgment Fed. R. Civ. P. 60 (d)(3)" challenging the integrity of previous rulings in *Eckert I.* (*See* W.D.N.Y. Case No. 4-CV-538, Dkt. No. 194). The court denied the motion, "liberally constru[ing]" it as "seeking reconsideration and relief under Rules 59 and 60 of the Federal Rules of Civil Procedure." (*Id.*, Dkt. No. 195 at 1-2). As to Plaintiff's request for relief under Rule 60(d), the court concluded that "the asserted fraud consist[ed] only of Plaintiff's self-serving characterization of this Court's denial of his claims as fraudulent, and his unsubstantiated claims that Defendants submitted false evidence into the record." (*Id.*, Dkt. No. 195 at 6). The court also noted that, while Plaintiff "maintain[ed] that [the] Court 'express[ed] narratives inconsistent with [his] pleadings' and 'permitted the Defendants to lie and enter perjured testimony into the record, and accepted it as fact,'" those alleged circumstances were "speculative, conclusory, and unsupported by any competent evidence"—even assuming that they "could be construed as fraud on the court." (*Id.*) The instant case appears to merely repackage the arguments the *Eckert I* court already rejected.

Second, the *Eckert I* court also concluded that Plaintiff's motion, to the extent brought under Rule 60(b)(3), was "plainly untimely" given the one-year statute of limitations that applies to such claims because the motion was "primarily based on an assertion of fraud 12 years after entry of judgment." (*Id.*, Dkt. No. 195 at 5). It true that the "one-year limitation" that applies to Rule 60(b)(3) motions "does not apply to actions commenced pursuant to Rule 60(d)." *LinkCo, Inc.*, 615 F. Supp. 2d at 134 (citing *King*, 287 F.3d at 95). However, if a litigant "could have pursued a timely Rule 60(b)(3) motion but inexcusably failed to do so, [he] is precluded from relying on Rule 60(d) to bring his claims outside of Rule 60(b)(3)'s one-year statute of limitations period." *Rivera v. United*

8

*States*, No. 89 CRIM. 346 LAP, 2012 WL 1887133, at *1 (S.D.N.Y. May 21, 2012) (citing *In re Lawrence*, 293 F.3d 615, 622 n. 5 (2d Cir. 2002); *Campaniello Imports*, 117 F.3d at 662). Such is the case here. Because Plaintiff could have, but failed to, bring a timely Rule 60(b)(3) motion in *Eckert I*, the "Court rejects [his] attempt to circumvent Rule 60(b)(3)'s one-year limitations period" by repackaging the claim under Rule 60(d) *Id.* at *1.

Third, the record belies any notion that the situation for which Plaintiff seeks equitable relief did not result from his "own fault, neglect, or carelessness." *See Campaniello Imports, Ltd.*, 117 F.3d at 662. Plaintiff admits that the alleged fraud became "discoverable only in 2024" when he "obtained specialized knowledge regarding the structure and interaction of Defendants' internal systems. . . ." (*See* Dkt. No. 15 at 6). Only at this point, Plaintiff claims, was it "possible" for him to "understand how Defendants' sworn representations conflicted with their own records." (*Id.*)

Plaintiff fails, however, to explain why he could not have obtained such knowledge during the underlying litigation. Indeed, as "*Campaniello Imports* itself contemplated, courts generally will not grant relief under Rule 60(d) if the plaintiff could have prevented the fraudulent judgment through 'proper diligence.'" *Marco Destin, Inc. v. Levy*, 111 F.4th 214, 220 (2d Cir. 2024), cert. denied, 145 S. Ct. 1313 (2025) (quoting *Campaniello Imports*, 117 F.3d at 662). Accordingly, in *Marco Destin, Inc.*, the Court affirmed the district court's dismissal of an "independent action for fraud on the court on the equitable grounds that [the plaintiff] had a reasonable opportunity to uncover the fraud during the underlying action." *Id.* The same outcome is appropriate here.

9

Fourth, Plaintiff fails to establish the "type of fraud necessary to sustain an independent action attacking the finality of a judgment." *Gleason*, 860 F.2d at 558. The Second Circuit has "made clear" that "the credibility and veracity of a witness at issue in an original proceeding cannot be later challenged by way of an independent action." *Id.* at 559 (citing *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 n.2 (2d Cir. 1972)). Moreover, "[a]fter-discovered evidence of alleged perjury by a witness is simply not sufficient for a finding of "fraud upon the court." *Id.* (internal citation omitted). Similarly, "allegations of nondisclosure during pretrial discovery do not constitute grounds for an independent action . . . ." *Id.* (citing *H.K. Porter Co. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1118 (6th Cir.1976)). By contrast, examples of conduct that "meet the definition of fraud upon the court include bribery of a judge, jury tampering, or hiring an attorney for the sole purpose of improperly influencing the judge." *Stewart v. O'Neill*, No. 00 CIV.8560 SAS, 2002 WL 1917888, at *2 (S.D.N.Y. Aug. 20, 2002) (citing cases).

Here, the record is devoid of any suggestion that conduct approaching the level of fraud on the court occurred in *Eckert I*. This is not a case of bribery, jury tampering, or improper influence. And Plaintiff's allegations of an allegedly fraudulent scheme are unsupported by any evidence, much less clear and convincing evidence. His reliance on *Hazel-Atlas*, moreover, is misplaced. The "*Hazel-Atlas* Court explained that fraud on the court involves 'far more than an injury to a single litigant' because it threatens the very integrity of the judiciary and the proper administration of justice." *Gleason*, 860 F.2d at 559 (2d Cir. 1988) (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 245 (1944)). Proof "of a scheme to defraud together with the complicity of the offending party's lawyers in *Hazel-Atlas* was, in the Court's judgment, conclusive evidence of fraud

on the court." *Id.* However, "the Supreme Court was careful to distinguish between the facts of the case before it and 'a case of a judgment obtained [simply] with the aid of a witness who, on the basis of after-discovered evidence, is believed possibly to have been guilty of perjury.'" *Id.* (quoting *Hazel-Atlas*, 322 U.S. at 245). The "latter scenario, according to the Court, would be subject to the rule of finality, *i.e.*, that judgments generally should not be disturbed once the one-year term following their entry has expired." *Id.* (quoting *Hazel-Atlas*, 322 U.S. at 248). Here, Plaintiff presents no evidence of any scheme or complicity among the defendants in *Eckert I*. He claims, for example, that the "judgement was procured through a deliberately construed false narrative," but that assertion is speculative, conclusory, and unsupported by any competent evidence. On this record, the Court cannot conclude that any threat to the court's integrity or the proper administration of justice occurred.

In sum, Plaintiff had a full and fair opportunity to present his theories of fraud on the court in *Eckert I*. His allegations were rejected by that court and untimely and meritless. This Court sees no reason to alter that conclusion here, notwithstanding Plaintiff's attempt to utilize a novel procedural vehicle. For all of these reasons, the Court recommends that this action be dismissed.

### *Remaining Motions*

Plaintiff's motion to compel the Clerk of Court to docket and file plaintiff's Rule 60(d)(3) independent action (Dkt. No. 2) is denied as moot, as the Clerk of Court has already opened this civil matter for the Court's consideration. Further, given the Court's recommendations above, Plaintiff's motion for threshold determination and request for expedited consideration (Dkt. No. 9) is also denied as moot.

11

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiff's motion for leave to file an amended complaint (**Dkt. No. 12**) is GRANTED.

It is further ORDERED that Plaintiff's motion to compel the clerk of court to docket and file plaintiff's Rule 60(d)(3) independent action (**Dkt. No. 2**) is DENIED as moot.

It is further ORDERED that Plaintiff's motion for threshold determination and request for expedited consideration (**Dkt. No. 9**) is also DENIED as moot.

Lastly, this Court recommends that this action be DISMISSED.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby **ORDERED** that this Report, Recommendation, and Order be filed with the Clerk of Court.

Unless otherwise ordered by Judge Sinatra, any objections to this Report, Recommendation, and Order must be filed with the Clerk of Court within fourteen days of service of this Report, Recommendation, and Order in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and W.D.N.Y. L. R. Civ. P. 72.  Any requests for an extension of this deadline must be made to Judge Sinatra.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report, Recommendation, and Order WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the

Magistrate Judge in the first instance. *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988).*

Finally, the parties are reminded that, pursuant to W.D.N.Y. L.R.Civ.P. 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

SO ORDERED.

DATED:   July 8, 2026
Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge

13