UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



*In re* TIMOTHY ECKERT,

Plaintiff,

25-CV-1270 (JLS) (MJR)

## DECISION AND ORDER

*Pro* se Plaintiff Timothy Eckert commenced this "independent action" pursuant to Federal Rule of Civil Procedure 60(d)(3).  Dkt. 1.  Eckert alleges "fraud on the court" with respect to proceedings in a prior case[1] and names no other parties.[2]  This matter has been referred to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C).  Dkt. 3.

Eckert filed the following motions: (1) a motion to compel the Clerk of Court to docket and file his Rule 60(d)(3) independent action (Dkt. 2); (2) a motion for threshold determination and expedited consideration (Dkt. 9); and (3) a motion for leave to file an amended complaint (Dkt. 12).  On July 8, 2026, Judge Roemer issued a Report, Recommendation, and Order ("R&R"), recommending that this Court: (1) grant Eckert's motion for leave to amend and (2) dismiss this action based on his review of

---

[1] *Timothy A. Eckert v. United Automobile Workers et al.*, Case No. 1:04-CV-538 (W.D.N.Y. 2004) (*Eckert I*).

[2] This Court notes a potential issue under *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) ("Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.'").  For the reasons set forth in the R&R, however, the Court analyzed the merits of Eckert's amended complaint and the arguments set forth in his objections to the R&R.

Eckert's amended complaint. Dkt. 16  The R&R also ordered that Eckert's motion to compel and motion for threshold determination and request for expedited consideration are denied as moot.  *See id.*

Eckert objected to the R&R.[3]  Dkt. 270.  In thirty-five pages of briefing, Eckert argues that the R&R erroneously: (1) "converted Plaintiff's limited threshold request into a final adjudication;" (2) "requires Plaintiff to prove fraud rather than determine whether the amended complaint plausibly alleges it;" (3) "concludes that Plaintiff had another adequate remedy;" (4) "assumes that Plaintiff could have filed a timely Rule 60(b)(3) motion;" (5) "attributes the delayed discovery of the fraud to Plaintiff's own fault, negligence, or lack of diligence;" (6) "reduces the alleged coordinated scheme to isolated perjury and nondisclosure" (7) "concludes that Plaintiff had a full and fair opportunity to present the present fraud-on-the-court claim in *Eckert* I;" and (8) "does not address the material allegations that distinguish the operative amended complaint from Plaintiff's earlier presentations."  *Id.* at 10-33.[4]

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects.  *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).  And it must modify or set aside any part of a magistrate judge's order that is clearly erroneous or is contrary to law.  *See* Fed. R. Civ. P. 72(a).  An order "is

---

[3] The Court granted Eckert permission to exceed the page limit set forth in W.D.N.Y. Loc. R. Civ. P. 7(a)(2)(C) in his objections to the R&R, up to thirty-five pages.  Dkt. 19.

[4] Page numbers refer to the CM/ECF generated numbering in the header of each page.

clearly erroneous or contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tracy v. NVR, Inc.*, 791 F. Supp. 2d 340, 342 (W.D.N.Y. 2011) (internal quotation marks and citation omitted). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R and the relevant record. Based on its *de novo* review, the Court accepts and adopts Judge Reomer's recommendations and affirms his orders.

For the reasons above and in the R&R, Eckert's [12] motion for leave to file an amended complaint is GRANTED and this action is DISMISSED without further leave to amend. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated:       August 5, 2026
             Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

3