UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
AUG 2 0 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

*In re* TIMOTHY ECKERT,

Plaintiff,

25-CV-1270 (JLS) (MJR)

**DECISION AND ORDER**

*Pro* se Plaintiff Timothy Eckert commenced this "independent action" pursuant to Federal Rule of Civil Procedure 60(d)(3). Dkt. 1. Eckert alleges "fraud on the court" with respect to proceedings in a prior case[1] and names no other parties.[2] This matter has been referred to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 3. On August 5, 2026, the Court entered a Decision and Order, which accepted and adopted a Report and Recommendation ("R&R") from Judge Roemer. Dkt. 21.[3]

[1] *Timothy A. Eckert v. United Automobile Workers et al.*, Case No. 1:04-CV-538 (W.D.N.Y. 2004) (*Eckert I*).

[2] This Court previously noted a potential issue under *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) ("Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.'"). For the reasons set forth in the R&R, however, the Court analyzed the merits of Eckert's amended complaint, the arguments set forth in his objections to the R&R, and the arguments in support of his [23] motion.

[3] Familiarity with the procedural background of this matter is presumed. A complete summary is found in Judge Roemer's R&R. Dkt. 16.

Before the Court is Eckert's "Motion Pursuant to Fed. R. Civ. P. 59(e) to Alter or Amend Judgment Based Upon Material Misrepresentations of the Operative Record and Resulting Legal Error. Dkt. 23.[4]

The Federal Rules of Civil Procedure "do not recognize a motion for 'reconsideration.'" *Mikulec v. Town of Cheektowaga*, 302 F.R.D. 25, 28 (W.D.N.Y. 2014) (collecting cases). As such, a motion for reconsideration "may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)." *Id.* Rule 60(b) provides relief from a final order, while Rule 59(e) may be used by a party seeking to alter or amend a judgment. *Sapienza v. City of Buffalo*, No. 20-CV-634 (JLS), 2023 WL 11694109, at *1 (W.D.N.Y. Oct. 25, 2023).

Eckert's motions present "extraordinary requests[.]" *See Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) ("A motion for reconsideration is an extraordinary request that is granted only in rare circumstances[.]"). Courts generally deny motions for reconsideration "unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Moreover, a court should not grant a motion for reconsideration "where the moving party seeks solely to relitigate an issue already decided." *Id.* at 257.

---

[4] Based on the relief requested therein, the Court characterizes Eckert's [23] motion as a "motion for reconsideration" (*i.e.*, a motion to alter or amend judgment under Federal Rule Civil Procedure 59(e)).

This Court carefully reviewed Eckert's motion. Based on that review, the Court concludes that Eckert fails to raise any evidence or applicable law that this Court overlooked and does not provide any basis for reconsideration. *See Sapienza*, No. 20-CV-634 (JLS), 2023 WL 11694109, at *1. Furthermore, the Court determines that there is no reason to disturb Judge Roemer's conclusions in the R&R, which were already reviewed *de novo* upon Eckert's objections. *See* Dkt. 21; *Nossek v. Bd. of Educ. of Duanesburg Cent. Sch. Dist.*, No. 94-CV-219, 1994 WL 688298 (N.D.N.Y. Nov. 10, 1994) (a motion for reconsideration is not a device "intended to give an unhappy litigant one additional chance to sway the judge.") (citation modified).

For the reasons above, Eckert's [23] motion for reconsideration is DENIED. The Clerk of Court is directed to mail a copy of this Decision and Order to Mr. Eckert.

SO ORDERED.

Dated: August 20, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE